RAFAEL COLÓN ET AL., Plaintiffs and Appellants, *v.* ROTARY CLUB OF ARECIBO, Defendant and Appellee.

No. 8555.   Argued June 17, 1942.—Decided July 21, 1942.

*L. Mercader* for appellant.   *Largé & Lecároz* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The lower court dismissed the complaint for unlawful detainer at sufferance in this case because it arrived at the conclusion that there exists a conflict of titles between the parties in regard to a building constructed by defendant, Rotary Club of Arecibo.

The facts of the case briefly stated are as follows:

Manuel Oliver and his wife, owners of certain land in Arecibo, leased 6,820 square meters to the Rotary Club of Arecibo for a term of five years with an option to another five-year term and to be preferred in case of sale; on a portion of said lot the Rotary Club constructed a cement and wooden building at a cost of about $4,500 to be used as residence of the Club; the lease not yet having expired, Oliver segregated from the leased land 1,471 square meters, pre-

cisely where the Rotary Club house is located and sold the lot and the house to the brothers Rafael and Amado Colón who filed an action for unlawful detainer at sufferance against the Club when it refused to vacate the said house. Neither from the allegations of the complaint nor from the evidence does it appear that the plaintiffs notified the defendant Club that the contract of lease was cancelled. The lower court, however, stated in its opinion that it did not wish to decide the case on this ground.

The analysis which said court makes of the evidence introduced by the parties is as follows:

"The evidence admitted and which raises controversy as to the title to the building is in part as follows:

"A. In the contract of lease no building whatsoever was described, since only a square meter parcel of land segregated as a lot was leased, with the exception of some garages. Some witnesses admitted that when the lease contract was entered into there existed on the lot the ruins of a house where the Club Deportivo was located.

"B. No evidence has been introduced to the effect that Manuel Oliver opposed the building of the Club since the case has been argued as if Manuel Oliver were the owner of the building when it was sold.

"C. Several receipts were admitted in evidence in order to justify the payment for the building materials and the minutes of the Club and the statements of members of the Board of Directors were introduced as to the way in which the building was constructed with the association funds.

"D. A letter written by Manuel Oliver making an offer to the Rotary Club for selling the land or buying the building was introduced; and there is a statement by the manager of the National City Bank, Mr. Canals, to the effect that one of the plaintiffs, Amado Colón, commissioned him to take steps towards the purchase of said building from the defendants. Neither Manuel Oliver nor the plaintiff, Amado Colón, who was at the trial, testified, nor denied said facts.

"The plaintiffs had to support their allegation with convincing arguments that the Rotary Club was in possession at sufferance of the building and lot described in the complaint. The evidence does not convince us."

736

We have made a careful examination of the testimony of the witnesses on either side and we are of the opinion that the judgment must be affirmed, not only on the ground stated by the lower court but also on other grounds which we will set forth further on.

■■ The evidence shows, leaving no room for doubt in the court's mind, that Manuel Oliver as well as the plaintiffs herein, the brothers Colón, knew and were aware of the fact that the building, which the former sold to the latter together with the lot, was constructed by the Rotary Club of Arecibo; that in the lot which Oliver leased to said Club there existed no building whatsoever, and that it was at the request of Oliver himself, as a member of the Club, that an assessment was laid on each member in order to complete payment of the building materials; that Oliver as well as plaintiff Amado Colón tried to buy the building directly from the Club and being unsuccessful Oliver segregated the parcel on which the house was located and sold it together with the house to the plaintiffs.

It is true that according to §1461 of the Civil Code, 1930 ed., the purchaser of a leased estate has a right to terminate the lease in force at the time of making the sale, unless the contrary is stipulated, and the provisions of the Mortgage Law prevent, and that in the case at bar, since the five-year term of the lease contract that Oliver had with the Club did not appear recorded it did not prejudice the plaintiffs, but the evidence shows that the plaintiffs never notified the defendant that they considered that the lease had terminated and that they knew that the house belonged to the defendant Club. The fact that Oliver segregated and sold and the plaintiffs bought, not the entire estate leased to the Rotary Club, but precisely the lot on which the house constructed by the Club was located, after the plaintiffs had failed in their efforts to purchase it directly from the Club, is significant.

There appears from all the attendant circumstances the principal fact that when Oliver sold he knew that the house constructed on the land which he leased to the Club did not belong to him and that the plaintiffs also knew that fact. Therefore, not solely on the ground that the evidence shows that there exists a conflict of titles in regard to the house, but also because said house, a structure of a permanent nature, was constructed by the defendant with the express consent of Oliver, we hold that it is not in the summary action of unlawful detainer that the rights of the parties must be settled, according to the doctrine set forth in the cases of *People* v. *Carrasquillo,* 58 P.R.R. 178, *Palermo* v. *District Court,* 58 P.R.R. 191, ratified in the case of *Aybar* v. *Jiménez,* decided today, (*ante,* p. 729).

The judgment appealed from must be affirmed.